```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>          )<br>     v.      )<br>          )<br>CARMEN LOPERA,      )<br>          )<br>   a/k/a Christina Lopera   )<br>          ) | CRIMINAL ACTION<br><br>05-10138-DPW |

### UNITED STATES' MEMORANDUM REGARDING PLEA HEARING

The United States respectfully submits this memorandum regarding a change a plea hearing scheduled for July 11, 2005. The government submits the following:

### Background

Beginning on February 17, 2005, pursuant to a Title III wiretap, the DEA began intercepting the cellular phone communications of LEONEL GUERRA-PIMENTAL, the leader of a cocaine and heroin distribution ring operating in the Boston area. Based on Title III wire intercepts and physical surveillance of GUERRA and his assocaites, investigators believed that GUERRA-PIMENTAL's source of supply for heroin was a Colombian male who was referred to as "El Colo" on the wiretap.

During an intercepted call on March 19, 2005, "El Colo" arranged to deliver 700 grams of heroin (referred to as "700 pesos") to GUERRA-PIMENTAL. Before this transaction could take place, however, law enforcement agents conducted a vehicle stop of the Astro Van that "El Colo" (identified as Luis Fernando Carvajal) and his passenger Edison Jaramillo were driving and seized approximately 700 grams of heroin from the vehicle. Following this arrest, both Carvajal and Jaramillo were charged in Norfolk County Superior Court.

While in custody of at the Norfolk County Detention Center, Jaramillo had multiple telephones with his girlfriend, defendant Carmen Lopera, about collecting money for him in order to get bailed out of jail. The Detention Center recorded these calls and provided them to the DEA. During these recorded calls, Jaramillo directed Lopera to meet with "Leo" (GUERRA-PIMENTAL) to collect some money from prior heroin sales to Leo.

On March 27, 2005, at approximately 1:27 p.m., DEA intercepted a call on the wiretap between GUERRA-PIMENTAL and Lopera where GUERRA told Lopera that he would have $10,000 for her now, but had to wait until Tuesday to give her the remainder of the money. Lopera insisted that Tuesday was too late because the situation (with Jaramillo) was getting serious. GUERRA then said that he would give her $10,000 that day and another $6,500 by 5:00 p.m. the next day.

Thereafter, Lopera gave the money she collected from GUERRA, in addition to other drug money, to a friend who then on April 15, 2005, deposited $50,000 in cash as bail for Edison Jaramillo at the Norfolk County Detention Center. Jaramillo was released from State custody, but was then transferred to the custody of Immigration and Customs Enforcement due to an immigration detainer that had been lodged at the Detention Center.

On April 29, 2005, defendant Carmen Lopera was arrested pursuant to a criminal complaint charging her, Jaramaillo and Carvajal with conspiracy to distribute 100 grams or more of heroin. On June 2, 2005, Lopera was charged in an indictment with unlawful use of a communication facility. This charges relates to the phone

conversation that Lopera had with GUERRA on March 27, 2005 at around 1:27 p.m.

### The Plea Agreement

Lopera will be pleading guilty to Count Seven of the Indictment, unlawful use of a communication facility in violation of 21 U.S.C. Sec. 843(b). Section 843(b) provides that it is unlawful to "knowingly or intentionally [] use any communication facility in committing or in causing or facilitating the commission of [a drug felony]." To obtain a conviction on a charge of telephone facilitation pursuant to section 843(b), the government must prove commission of the underlying offense. <u>United States v. Escobar-de Jesus</u>, 187 F.3d 148, 163 (1st Cir. 1999).

Pursuant to U.S.S.G. §2D1.6, the **base offense level** for a violation of 21 U.S.C. § 843(b) is determined by the Drug Quantity Table, § 2D1.1(c). In this case, the government and defendant have entered into a non-binding stipulation that defendant is responsible for less then 5 grams of heroin under relevant conduct, with a resulting **base offense level** of **12.** The government has further agreed that defendant should receive a **2 level reduction** for acceptance of responsibility pursuant to U.S.S.G. 3E1.1(a). The **adjusted offense level** is thus **10**, with a **Sentencing Guideline Range** of **6 to 12 months** (a Zone B Sentence). Lopera has no known criminal history and is **Criminal History Category I.**

Under U.S.S.G. § 5C1.1(c)(2), the minimum term of a Zone B Sentence may be satisfied by a term of supervised release provided that at least one month of imprisonment has been satisfied. <u>See</u> Application Note 3(B). Therefore, since Lopera has already served

more than a month in pre-trial confinement, the remainder of Lopera's Guideline Sentence may be satisfied by a term of supervised release which includes a condition of intermittent confinement.

In this case, however, defendant's deportable status should supersede any period of intermittent confinement. Pursuant to 8 U.S.C. § 1228(c)(5), the parties have entered in to a stipulated order of deportation whereby Lopera has agreed to be deported from the United States to Colombia. That subsection provides:

> The United States Attorney, with the concurrence of the Commissioner, may, pursuant to Federal Rule of Criminal Procedure 11, enter into a plea agreement which calls for the alien, who is deportable under this chapter, to waive the right to notice and a hearing under this section, and stipulate to the entry of a judicial order of removal from the United States as a condition of the plea agreement or as a condition of probation or supervised release, or both. The United States district court, in both felony and misdemeanor cases, and a United States magistrate judge in misdemeanor cases, may accept such a stipulation and shall have jurisdiction to enter a judicial order of removal pursuant to the terms of such stipulation.

> 8 U.S.C. § 1228(c)(5)

Pursuant to this provision, the government has obtained the concurrence of Immigration and Customs Enforcement which is attached to the plea agreement as Exhibit A. The Stipulated Order is attached as Exhibit B. The Stipulated Order provides that Lopera is deportable from the United States under 8 U.S.C. § 1182(a)(2)(A)(I)(ii) because she is an alien who will stand convicted of a controlled substance violation. Lopera is a citizen of Colombia. According to ICE, Lopera entered the country without permission and has no legal immigration status in the United

States.

Finally, defendant Lopera has moved this court pursuant to Rule 32(c)(1)(A)(ii) to impose sentence without the need of a pre-sentence report since the facts of the case are straightforward and Lopera faces immediate deportation.  The government concurs with this request.

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

        By:        /s/ Neil J. Gallagher, Jr.
                      Neil J. Gallagher, Jr.
                      Assistant U.S. Attorney
                      (617) 748-3397

Date: July 11, 2005