```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,    )
         Plaintiff,          )
                             )
     v.                      )  CRIMINAL NO. 05-10138-DPW
                             )
CARMEN LOPERA,               )
     a/k/a Christina Lopera  )
         Defendant.          )
```

**UNITED STATES' MOTION
FOR ISSUANCE OF A PRELIMINARY ORDER OF FORFEITURE**

The United States, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby moves that this Court issue a Preliminary Order of Forfeiture in the above-captioned case pursuant to Title 21, United States Code, Section 853. In support thereof, the United States sets forth the following:

1. On or about June 2, 2005, a federal grand jury sitting in the District of Massachusetts returned a Twenty-Four Count Indictment charging defendant Carmen Lopera, a/k/a Christina Lopera (the "Defendant"), in Count Seven with the following violations: Unlawful Use of a Communication Facility, in violation of 21 U.S.C. §843(b) and Aiding and Abetting, in violation of 18 U.S.C. §2. The Indictment also contained a Forfeiture Allegation pursuant to 21 U.S.C.§853.

2. The Forfeiture Allegation sought the forfeiture, as a result of the offenses alleged in Count Seven of the Indictment, of any and all property constituting, or derived from, any proceeds

the Defendant obtained, directly or indirectly, as a result of such offenses; any property, used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations, including, but not limited to:

> $50,000 in United States Currency, posted as bail by Sandra J. Sanchez on April 15, 2005 at Quincy District Court in Quincy, Massachusetts, on behalf of Edison Jaramillo a/ka Roberto Feliciano a/k/a Edison Alberto Restrepo a/k/a "Jimmy" a/k/a "Eddie" (the "Defendant Currency"),

3.  On or about July 11, 2005, and pursuant to a written plea agreement, the Defendant entered a plea of guilty to Count Seven of the Indictment. In the plea agreement, the Defendant agreed to forfeit the Defendant Currency to the United States. admitting that the Defendant Currency is subject to forfeiture on the grounds that it constitutes, or is derived from, proceeds of Defendant's and her co-conspirators' unlawful drug activity and/or property used, or intended to be used, to commit the crimes charged in Count Seven of the Indictment.  In her plea agreement, the Defendant therefore consented to the forfeiture of all of Defendant's interest in all forfeitable assets to the United States, including the Defendant Currency.  The pleas agreement provides that the forfeiture may be carried out criminally, civilly, or administratively in the government's discretion.

4.  On or about July 11, 2005, immediately following the Defendant's guilty plea, the Court sentenced the Defendant on Count

Seven. The Defendant was sentenced to time served and the Court issued a judicial order of deportation. In addition, the Court included in the Defendant's sentence the forfeiture set forth in the plea agreement.

5. In accordance with the Indictment, if the Defendant Currency, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States, pursuant to 21 U.S.C. §853(p) to seek forfeiture of any other property of the Defendant, up to the value of the Defendant Currency.

6. By virtue of the Defendant's guilty plea and pursuant to 21 U.S.C. §853(a), Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Defendant Currency, or substitute assets, in a value up to the value of the Defendant Currency. See Rule 32.2(b)(2); 21 U.S.C. §853(p); United States v. Candelaria-Silva, 166 F.3d 19, 41 (1st Cir. 1999). Therefore, United States moves that this Court enter a Preliminary Order of Forfeiture, pursuant to 21 U.S.C. §853(a), and Rule 32.2(b)(1) and (b)(2), directing the forfeiture of the Defendant Currency.

6.   This Court's jurisdiction in this matter is founded upon 21 U.S.C. §853(a), which provides that with respect to any person convicted of drug offense punishable by imprisonment for more that one year:

> [t]he Court, in imposing sentence..., shall order...that the person forfeit to the United States all property described in this subsection.

7.   Rule 32.2(b)(1), (b)(2), and (b)(3) of the Federal Rules of Criminal Procedure provide that as soon as is practicable after entering a guilty verdict on any count on which forfeiture is sought in an indictment, the Court shall determine whether the government has established the requisite nexus between the property and the offense, subjecting the property to forfeiture.  The Court's determination may be based on evidence already in the record, or, if the forfeiture is contested, on evidence or information presented by the parties at a hearing after the verdict.  If the Court finds that property is subject to forfeiture, it shall promptly enter a preliminary order of forfeiture directing the forfeiture of specific property without regard to any third party's interest in all or part of it.  At sentencing - or at any time before sentencing if the defendant consents - the order of forfeiture becomes final as to the defendant and shall be made part of the sentence and included in the judgment.

8.   Upon the issuance of a Preliminary Order of Forfeiture

and pursuant to 21 U.S.C. §853(n), the United States Marshals Service will publish at least once for three successive weeks in a newspaper of general circulation, notice of this Order, notice of the United States' intent to dispose of the Defendant Currency in such manner as the Attorney General or his designee may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the Defendant Currency must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.  This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Defendant Currency, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited Defendant Currency and any additional facts supporting the petitioner's claim and the relief sought.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Defendant Currency that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

 WHEREFORE, the United States respectfully moves that this Court enter a Preliminary Order of Forfeiture against the Defendant Currency in the form submitted herewith.

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney,


                                        */s/ Jennifer H. Zacks*
                                        Jennifer H. Zacks
                                        Assistant U.S. Attorneys
                                        United States Courthouse
                                        Suite 9200
                                        1 Courthouse Way
                                        Boston, MA 02210
Date: July 13, 2005               (617) 748-3100


## CERTIFICATE OF SERVICE

    I certify that I have served a true copy of the foregoing upon Elliot M. Weinstein, 228 Lewis Wharf, Boston, MA 02110 as counsel for Defendant Carmen Lopera, a/k/a Christina Lopera, by first class mail, postage prepaid.


                                        */s/ Jennifer H. Zacks*
                                        _____
                                        Jennifer H. Zacks
                                        Assistant U.S. Attorney

Dated: July 13, 2005

                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,    )
          Plaintiff,         )
                             )
     v.                      )    CRIMINAL NO. 05-10138-DPW
                             )
CARMEN LOPERA,               )
     a/k/a Christina Lopera  )
          Defendant.         )

              **PRELIMINARY ORDER OF FORFEITURE**

**WOODLOCK, D.J.**,

WHEREAS, on or about June 2, 2005, a federal grand jury sitting in the District of Massachusetts returned a Twenty-Four Count Indictment charging defendant Carmen Lopera a/k/a Christina Lopera, (the "Defendant"), with the following violations: Unlawful Use of a Communication Facility, in violation of 21 U.S.C. §843(b) and Aiding and Abetting, in violation of 18 U.S.C. §2;

AND WHEREAS, the Indictment also included a Forfeiture Allegation, charging the Defendant with Criminal Forfeiture, pursuant to 21 U.S.C. §853;

AND WHEREAS, The Forfeiture Allegation sought the forfeiture, as a result of such offenses alleged in Count Seven of the Indictment, of any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of such offenses; any property, used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations, including, but not limited to:

          $50,000 in United States Currency, posted as

>     bail by Sandra J. Sanchez on April 15, 2005 at
>     Quincy District Court in Quincy,
>     Massachusetts, on behalf of Edison Jaramillo
>     a/k/a Roberto Feliciano a/k/a Edison Alberto
>     Restrepo a/k/a "Jimmy" a/k/a "Eddie"(the
>     "Defendant Currency");

AND WHEREAS, on or about or about July 11, 2005, and pursuant to a written plea agreement, the Defendant entered a plea of guilty to Count Seven of the Indictment, and agreed that Lopera would forfeit the Defendant Currency to the United States and admitted that the Defendant Currency is subject to forfeiture on the grounds that it constitutes, or is derived from, proceeds of Defendant's and her co-conspirators' unlawful drug activity and/or property used, or intended to be used, to commit the crimes charged in Seven of the Indictment.

AND WHEREAS, on or about July 11, 2005, immediately following the Defendant's guilty plea, the Court sentenced the Defendant on Count Seven, sentencing the Defendant to time served and issuing a judicial order of deportation, and including in the Defendant's sentence the forfeiture set forth in the plea agreement;

AND WHEREAS, by virtue of the Defendant's guilty plea and pursuant to 21 U.S.C. §853(a), and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Defendant Currency, or substitute assets, in a value up to the value of the Defendant Currency;

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1.      Based upon the conviction of the Defendant, the United States is hereby authorized to seize the Defendant Currency and it is hereby forfeited to the United States of America for disposition pursuant to the provisions of 21 U.S.C. §§853(a) and (p).

2.      The United States Marshals Service shall hold the Defendant Currency in its secure custody and control.

3.      Pursuant to 21 U.S.C. §853, the United States Marshals Service shall take any other appropriate steps pursuant to the applicable provisions of 21 U.S.C. §853 to seize, forfeit, and dispose of the Defendant Currency, giving notice as required by law.

4.      Pursuant to 21 U.S.C. §853(n)(1), the United States Marshals Service shall publish at least once for three successive weeks in the <u>Boston Herald</u>, or any other newspaper of general circulation in the District of Massachusetts, notice of this Order and of the United States' intent to dispose of the Defendant Currency in such manner as the Attorney General may direct.

5.      Pursuant to 21 U.S.C. §853(n), the United States Marshals Service may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Defendant Currency that is the subject of this Order of Forfeiture as a substitute for published notice as to those persons so notified.

6.      Pursuant to 21 U.S.C. §853(n)(2) and (3), the notice

referred to in paragraphs 4 and 5, above, shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Defendant Currency shall within thirty (30) days of the final publication of notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court for the District of Massachusetts and serve same upon the United States Attorney's Office, Asset Forfeiture Unit, 1 Courthouse Way, Suite 9200, Boston, Massachusetts 02210, requesting a hearing to adjudicate the validity of his or her interest in the Defendant Currency; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Defendant Currency, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Defendant Currency, any additional facts supporting the petitioner's claim, and the relief sought.

7.   Pursuant to 21 U.S.C. §853(n)(7), following the Court's disposition of all petitions filed under this subsection, or, if no such petitions are filed following the expiration of the period provided in 21 U.S.C. §853(n)(2), for the filing of such petitions, the United States of America shall have clear title to the forfeited Defendant Currency.

8.   Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C.

§853(n), in which all interests will be addressed.

|  |  |
|---|---|
|  | _____ |
|  | DOUGLAS P. WOODLOCK |
| Date: | United States District Court Judge |