Clerk's Office
USDC, Mass
Date 7/11/05
By mr
Deputy Clerk



**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

July 7, 2005

Elliot M. Weinstein
228 Lewis Wharf
Boston, MA 02110

    Re:  *United States v. Carmen Lopera*, Criminal No. 05-10138-DPW

Dear Counsel:

    This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Defendant Carmen Lopera ("Defendant"), in the above-captioned case. The Agreement is as follows:

    1.    <u>Change of Plea</u>

    At the earliest practicable date, Defendant shall plead guilty to all counts in which she is named in the above-captioned Indictment: Count Seven, Unlawful Use of a Communication Facility, in violation of Title 21, United States Code, Section 843(b). Defendant expressly and unequivocally admits that she in fact committed the crimes charged in Count Seven of the Indictment, and is in fact guilty of that offense.

    2.    <u>Penalties</u>

    Defendant faces the following maximum penalties: a period of imprisonment of not more than four years, a fine of up to $250,000, a period of supervised release of not more than one year, and a $100 special assessment. Defendant is also subject to forfeiture as provided in the forfeiture allegations of the Indictment to which she is pleading guilty.

    Pursuant to paragraph 6, defendant agrees that she is

deportable and excludable by the United States Immigration and Customs Enforcement as a consequence of her conviction of the offense to which she is pleading guilty.

3.  Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the sentencing Court, subject to the statutory maximum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by United States v. Booker and United States v. Fanfan, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005). In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The parties will take the following positions at sentencing with respect to the application of the United States Sentencing Guidelines:

    (a)  The parties agree to take the position that the Defendant's base offense level, pursuant to U.S.S.G. §§ 2D1.1(c)(14) and 2D1.16, the defendant's base **offense level is 12**, because Count Seven of the Indictment involved less than 5 grams of heroin which quantity represents the total amount involved in Defendant's relevant criminal conduct.

    (b)  Based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by **two (2) levels** Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1(a).

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1(a) if, at any time between her execution of this Agreement and sentencing Defendant:

    (a)  Fails to admit a complete factual basis for the plea;

    (b)  Fails to truthfully admit her conduct in the offenses of conviction;

- (c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

- (d) Fails to provide truthful information about her financial status;

- (e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

- (f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

- (g) Commits a crime;

- (h) Transfers any asset protected under any provision of this Agreement; and/or

- (i) Attempts to withdraw her guilty plea.

Defendant expressly understands that she may not withdraw her plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that she receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

4. <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence before the District Court:

- (a) A term of incarceration within the applicable Guideline Sentencing Range. The government will not object to defendant's request to be sentenced at the low end of the applicable Guideline range and recommends that pursuant to U.S.S.G. § 5C1.1(c)(2), that the sentence imposed in this case include time served and a term of supervised release;

    (b)  A fine within the fine range unless the Court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

    (c)  A mandatory special assessment of $100;

    (d)  A term of supervised release of one year

    (e)  Forfeiture as provided below in paragraph 9.

5. <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. <u>Stipulated Order of Deportation</u>

Defendant agrees she is not a citizen or national of the United States, and that she is a native of Colombia, and a citizen of Colombia.

Defendant agrees that when she is convicted in the instant criminal proceeding, she will be convicted in this court for the offense of unlawful use of a communication facility, in violation of 21 U.S.C. § 843(b).

Defendant understands and knowingly waives her right to a hearing before an Immigration Judge or before any other authority under the Immigration and Nationality Act, on the question of her deportability or removability from the United States. In this regard Defendant understands and knowingly waives her rights to examine the evidence against her, to present evidence on her own behalf, to cross-examine any witnesses presented by the government, in any administrative removal proceeding and to appeal from a determination of deportability or removability.

Defendant understands and knowingly waives her right to apply for any relief from deportability or removability from the United States that would otherwise be available to her. Defendant understands that if she is an alien lawfully admitted for permanent residence, acceptance of a final order of deportation or removal from the United States terminates that status.

Defendant understands that execution of an order of removal

against her will have the legal consequence under the immigration laws of permanently barring her from re-entering the United States.

    Defendant agrees and stipulates to accept a final judicial order of deportation or removal knowing that it will result in her amenability to immediate deportation or removal from the United States upon conviction and completion of any period of incarceration. Defendant agrees that the order of deportation or removal be issued for her deportation to Colombia or to any other country as prescribed by the immigration laws and regulations of the United States of America.

    Defendant knowingly waives any and all rights to appeal, or to move to reopen or reconsider, or to seek to vacate, or to otherwise seek any judicial or administrative review of, the order of deportation or removal or the right of the United States Immigration and Naturalization Service to enforce such order. Defendant waives any right to and agrees she will not seek any judicial or administrative stay of execution of the order of removal or deportation. Defendant waives any right to seek release from the custody of the United States Immigration and Customs Enforcement ("ICE") when ICE assumes such custody after conviction and her release from any period of incarceration and preparatory to arrangements for her deportation or removal from the United States. Defendant agrees she will in all ways cooperate with ICE officials in the surrendering of or applying for any travel documents, or in other formalities relating to her deportation or removal from the United States and preparations therefore.

    7.    <u>Letter Immunity</u>

    The U.S. Attorney agrees not to use any information provided by Defendant pursuant to the proffer letter dated June 10, 2005 against Defendant in any criminal case except in a prosecution (1) for perjury or obstruction of justice, or for making a false statement after the date of this Agreement; or (2) for any forfeiture proceedings, administrative, civil or criminal for any forfeitable property, including, but not limited to, the forfeiture of $50,000.00 in United States currency posted as bail by Sandra J. Sanchez on April 15, 2005 at Quincy District Court in Quincy, Massachusetts, on behalf of EDISON JARAMILLO a/k/a Roberto Feliciano a/k/a Edison Alberto Restrepo a/k/a "Jimmy" a/k/a "Eddie". The U.S. Attorney reserves the right to respond fully and completely to all requests for information by the District Court and U.S. Probation Office in this case. All such disclosures, however, shall be made subject to the provisions

constraining the use of this information by the District Court and U.S. Probation Office contained in U.S.S.G. § 1B1.8(a) and the commentary thereto. Notwithstanding the provisions of U.S.S.G. § 1B1.8(b)(5) and the commentary thereto, the U.S. Attorney agrees to take the position that at the time of sentencing information provided by Defendant pursuant to this Agreement should not be used either in determining where within the applicable guideline range to sentence Defendant or in determining whether, or to what extent, a departure from the Sentencing Guidelines is warranted.

8. <u>Court Not Bound By Agreement</u>

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw her plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw her plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

9. <u>Forfeiture</u>

Defendant will forfeit to the United States any and all assets subject to forfeiture pursuant to 21 U.S.C. § 853 as a result of her guilty plea. The assets to be forfeited specifically include, without limitation, the following: $50,000.00 in United States currency posted as bail by Sandra J. Sanchez on April 15, 2005 at Quincy District Court in Quincy, Massachusetts, on behalf of EDISON JARAMILLO a/k/a Roberto Feliciano a/k/a Edison Alberto Restrepo a/k/a "Jimmy" a/k/a "Eddie". Defendant admits that these assets are subject to forfeiture on the grounds that on the grounds that they constitute, or are derived from, proceeds of Defendant's and her co-conspirators' unlawful drug activity and/or property used, or intended to be used, to commit the crimes charged in Seven of the indictment. Defendant therefore consents to the forfeiture of all of Defendant's interests in all such forfeitable assets to the United States. The forfeitures may be carried out

criminally, civilly, or administratively in the government's discretion.

Defendant consents to the entry of orders of forfeiture for such property and waives the requirements of the Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that she understands that forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure of the court to advise him of this, pursuant to Rule 11(b)(1)(J) at the time her guilty plea is accepted.

Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States and to testify truthfully in any forfeiture proceeding.

In addition to all other waivers or releases set forth in this Agreement, Defendant hereby waives any and all claims arising from or relating to the forfeitures set forth in this section, including, without limitation, any claims arising under the Double Jeopardy Clause of the Fifth Amendment, or the Excessive Fines Clause of the Eighth Amendment, to the United States Constitution, or any other provision of state or federal law.

The United States District Court for the District of Massachusetts shall retain jurisdiction to enforce the provisions of this section.

10. <u>Rejection of Plea By Court</u>

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

11. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of her pretrial release, or has committed any crime following her execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also

pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by her of an obligation under this Agreement shall give rise to grounds for withdrawal of her guilty plea. Defendant understands that, should she breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by her, and any information, materials, documents or objects which may be provided by her to the government subsequent to this Agreement, or pursuant to the proffer agreement dated June 10, 2005 without any limitation. In this regard, Defendant hereby waives any defense to any charges which she might otherwise have under any statute of limitations or the Speedy Trial Act.

12. Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

13. Complete Agreement

This letter contains the complete agreement between the parties. No promises, representations or agreements have been made other than those set forth in this letter and in the proffer letter dated June 10, 2005. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral with the sole exception of those contained in the proffer letter dated June 10, 2005. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Neil Gallagher.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: *(signature)*

LAURA J. KAPLAN, Chief
Violent & Organized Crime
Section

*(signature)*

Neil J. Gallagher, Jr.
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have had this letter read to me in my native language in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

x *Carmen Lopera*
Carmen Lopera
Defendant

Date: July 11/2005

I certify that Defendant Carmen Lopera has had this Agreement read to her in her native language and that we have discussed its meaning. I believe she understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_____
Elliot M. Weinstein, Esq.
Attorney for Defendant

Date: 7/11/05

10

ATTACHMENT A



Office of Investigations
U.S. Department of Homeland Security
10 Causeway Street, Room 722
Boston, MA 02222

**U.S. Immigration and Customs Enforcement**

July 6, 2005

Concurrence of ICE to Stipulated Judicial Order of Deportation
In the case of United States of America v. Carmen LOPERA

Michael J. Sullivan
United States Attorney
Office of the United States Attorney
Boston, Massachusetts

Matthew J. Etre
Acting Special Agent in Charge
Immigration and Customs Enforcement
Boston, Massachusetts

## CONCURRENCE OF IMMIGRATION AND CUSTOMS ENFORCEMENT TO STIPULATED JUDICIAL ORDER OF DEPORTATION

Based upon the factual representation made to me, on behalf of the Assistant Secretary of Immigration and Customs Enforcement, I concur in the request by the United States Attorney that a stipulated judicial order of deportation be granted in the case of United States v., Carmen LOPERA, (A# 096-416-589).

7/6/05
Date:

[signature] For

Matthew J. Etre
Acting Special Agent in Charge
Boston, MA

ATTACHMENT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| V. | ) |
| | ) Criminal No. 05-10138-DPW |
| | ) |
| CARMEN LOPERA | ) |
| | ) |
| Defendant | ) |

## ORDER OF STIPULATED JUDICIAL DEPORTATION

Pursuant to the authority created by section 374(a)(3) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. 104-208, 110 Stat. 3009 (September 30, 1996), codified at Title 8, United States Code, Section 1228(c)(5), and upon the parties' agreement to the entry of a stipulated judicial order of deportation, it is hereby ordered that the defendant, CARMEN LOPERA, an alien removable under 8 U.S.C. § 1182(a)(2)(A)(I)(ii), upon conviction and after release from any period of incarceration, be taken into custody by the United States Bureau of Immigration and Customs Enforcement and deported to Colombia or to any other country as prescribed by the immigration laws of the United States of America.

_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE

Entered: July 11, 2005