UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>            Plaintiff,    )<br>                             )<br>     v.                      )<br>                             )<br> CARMEN LOPERA,               )<br>     a/k/a Christina Lopera  )<br>            Defendant.       )  | CRIMINAL NO. 05-10138-DPW |

**UNITED STATES' MOTION**
**FOR CORRECTION OF JUDGMENT**

The United States, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby moves, pursuant to Federal Rule of Criminal Procedure 36, that this Court enter a corrected judgment in the above-captioned case because the judgment entered on July 14, 2005, due to clerical, error, omission, or oversight, does not specifically include the forfeiture ordered by the Court. In support thereof, the United States sets forth the following

    1.   On July 11, 2005, pursuant to a written plea agreement, the Defendant, Carmen Lopera, pled guilty to Count Seven of the Indictment, Unlawful Use of a Communications Facility, in violation of 21 U.S.C. §843(b) and Aiding and Abetting, in violation of 18 U.S.C. §2. In the plea agreement, the Defendant agreed to forfeit $50,000 in United States Currency, posted as bail by Sandra J. Sanchez on April 15, 2005 at Quincy District Court in Quincy, Massachusetts, on behalf of Edison Jaramillo.

    2.   Immediately following the Defendant's guilty plea, the

Court sentenced the Defendant to time served and issued a judicial order of deportation. In its oral pronouncement, the Court also included in the Defendant's sentence the forfeiture set forth in the plea agreement.

3. The United States filed a motion for a preliminary order of forfeiture on July 13, 2005. The Court has not yet ruled on this motion.

4. On July 14, 2005, the Court entered its judgment. Apparently by clerical error, oversight or omission, the written judgment did not specifically provide for forfeiture of the above-referenced $50,000 and the portion of the judgment relating to forfeiture, at the bottom of page 5, was left blank.

5. Rule 32.2(b)(3) provides that the order of forfeiture "must be made a part of the sentence and included in the judgment." The failure to include forfeiture in a judgment may be corrected pursuant to Rule 36, which allows the Court to:

> at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.

WHEREFORE, the United States respectfully moves that this Court issue a corrected judgment in the above-captioned case, specifically including the forfeiture of the above-referenced $50,000 as part of the judgment.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney,


                                      */s/ Jennifer H. Zacks*
                                      Jennifer H. Zacks
                                      Assistant U.S. Attorneys
                                      United States Courthouse
                                      Suite 9200
                                      1 Courthouse Way
                                      Boston, MA 02210
Date: July 15, 2005                (617) 748-3100


## CERTIFICATE OF SERVICE

    I certify that I have served a true copy of the foregoing upon Elliot M. Weinstein, 228 Lewis Wharf, Boston, MA 02110 as counsel for Defendant Carmen Lopera, a/k/a Christina Lopera, by first class mail, postage prepaid.


                                      */s/ Jennifer H. Zacks*
                                      _____
                                      Jennifer H. Zacks
                                      Assistant U.S. Attorney

Dated: July 15, 2005