UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>      Plaintiff,<br><br>      v.<br><br>CARMEN LOPERA,<br>    a/k/a Christina Lopera<br>      Defendant. | )<br>)<br>)<br>)  CRIMINAL NO. 05-10138-DPW<br>)<br>)<br>)<br>)<br>) |

**PRELIMINARY ORDER OF FORFEITURE**

**WOODLOCK, D.J.,**

WHEREAS, on or about June 2, 2005, a federal grand jury sitting in the District of Massachusetts returned a Twenty-Four Count Indictment charging defendant Carmen Lopera a/k/a Christina Lopera, (the "Defendant"), with the following violations: Unlawful Use of a Communication Facility, in violation of 21 U.S.C. §843(b) and Aiding and Abetting, in violation of 18 U.S.C. §2;

AND WHEREAS, the Indictment also included a Forfeiture Allegation, charging the Defendant with Criminal Forfeiture, pursuant to 21 U.S.C. §853;

AND WHEREAS, The Forfeiture Allegation sought the forfeiture, as a result of such offenses alleged in Count Seven of the Indictment, of any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of such offenses; any property, used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations, including, but not limited to:

    $50,000 in United States Currency, posted as

bail by Sandra J. Sanchez on April 15, 2005 at Quincy District Court in Quincy, Massachusetts, on behalf of Edison Jaramillo a/k/a Roberto Feliciano a/k/a Edison Alberto Restrepo a/k/a "Jimmy" a/k/a "Eddie"(the "Defendant Currency");

AND WHEREAS, on or about or about July 11, 2005, and pursuant to a written plea agreement, the Defendant entered a plea of guilty to Count Seven of the Indictment, and agreed that Lopera would forfeit the Defendant Currency to the United States and admitted that the Defendant Currency is subject to forfeiture on the grounds that it constitutes, or is derived from, proceeds of Defendant's and her co-conspirators' unlawful drug activity and/or property used, or intended to be used, to commit the crimes charged in Seven of the Indictment.

AND WHEREAS, on or about July 11, 2005, immediately following the Defendant's guilty plea, the Court sentenced the Defendant on Count Seven, sentencing the Defendant to time served and issuing a judicial order of deportation, and including in the Defendant's sentence the forfeiture set forth in the plea agreement;

AND WHEREAS, by virtue of the Defendant's guilty plea and pursuant to 21 U.S.C. §853(a), and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Defendant Currency, or substitute assets, in a value up to the value of the Defendant Currency;

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. Based upon the conviction of the Defendant, the United States is hereby authorized to seize the Defendant Currency and it is hereby forfeited to the United States of America for disposition pursuant to the provisions of 21 U.S.C. §§853(a) and (p).

2. The United States Marshals Service shall hold the Defendant Currency in its secure custody and control.

3. Pursuant to 21 U.S.C. §853, the United States Marshals Service shall take any other appropriate steps pursuant to the applicable provisions of 21 U.S.C. §853 to seize, forfeit, and dispose of the Defendant Currency, giving notice as required by law.

4. Pursuant to 21 U.S.C. §853(n)(1), the United States Marshals Service shall publish at least once for three successive weeks in the Boston Herald, or any other newspaper of general circulation in the District of Massachusetts, notice of this Order and of the United States' intent to dispose of the Defendant Currency in such manner as the Attorney General may direct.

5. Pursuant to 21 U.S.C. §853(n), the United States Marshals Service may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Defendant Currency that is the subject of this Order of Forfeiture as a substitute for published notice as to those persons so notified.

6. Pursuant to 21 U.S.C. §853(n)(2) and (3), the notice

referred to in paragraphs 4 and 5, above, shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Defendant Currency shall within thirty (30) days of the final publication of notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court for the District of Massachusetts and serve same upon the United States Attorney's Office, Asset Forfeiture Unit, 1 Courthouse Way, Suite 9200, Boston, Massachusetts 02210, requesting a hearing to adjudicate the validity of his or her interest in the Defendant Currency; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Defendant Currency, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Defendant Currency, any additional facts supporting the petitioner's claim, and the relief sought.

7. Pursuant to 21 U.S.C. §853(n)(7), following the Court's disposition of all petitions filed under this subsection, or, if no such petitions are filed following the expiration of the period provided in 21 U.S.C. §853(n)(2), for the filing of such petitions, the United States of America shall have clear title to the forfeited Defendant Currency.

8. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C.

§853(n), in which all interests will be addressed.

Date: September 8, 2005

/s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
United States District Court Judge