UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br><br>       v.<br><br>CARMEN LOPERA,<br>   a/k/a Christina Lopera,<br>        Defendant. | )<br>)<br>)<br>)  CRIMINAL NO. 05-10138-DPW<br>)<br>)<br>)<br>)<br>) |

**FINAL ORDER OF FORFEITURE**

**WOODLOCK, D.J.**

WHEREAS, on or about June 2, 2005, a federal grand jury sitting in the District of Massachusetts returned an Indictment charging defendant Carmen Lopera, also known as Christina Lopera(the "Defendant"), with Unlawful Use of a Communication Facility, in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2 (Count Seven);

AND WHEREAS, the Indictment also included a Forfeiture Allegation, charging the Defendant with Criminal Forfeiture, pursuant to 21 U.S.C. § 853;

AND WHEREAS, the Forfeiture Allegation sought the forfeiture of, as a result of committing the offense alleged in Count Seven of the Indictment, of any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of the offense, and any and all property used, intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations, including but not limited to:

$50,000 in United States Currency, posted as bail by Sandra J. Sanchez on April 15, 2005 at Quincy District Court in Quincy, Massachusetts, on behalf of Edison Jaramillo a/k/a Roberto Feliciano, a/k/a Edison Alberto Restrepo, a/k/a "Jimmy" a/d/a "Eddie" (the "Currency");

AND WHEREAS, the forfeiture allegation also provided that if the above-mentioned property, as a result of any act or omission of the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, it was the intention of the United States, pursuant to Title 21 U.S.C. § 853(p), to seek forfeiture of any other property of the Defendant up to the value of the property above;

AND WHEREAS, on July 11, 2005, the Defendant pled guilty to Count Seven of the Indictment, pursuant to a plea agreement the Defendant has signed on July 11, 2005. In section nine of the plea agreement, the Defendant agreed to forfeit all of her assets subject to forfeiture pursuant to 21 U.S. C. § 853 as a result of her guilty plea, including with out limitation the Currency. The Defendant further admitted that the Currency is subject to forfeiture on the grounds that it constitutes, or is derived from, proceeds of the Defendant's and her co-conspirators' unlawful drug activity and/or property used, or intended to be used, to commit

2

the crimes charged in Count Seven of the Indictment;

AND WHEREAS, on or about July 13, 2005, the government filed a Motion for Preliminary Order of Forfeiture and proposed Preliminary Order of Forfeiture seeking forfeiture of property including, but not limited to, the Currency;

AND WHEREAS, on or about September 8, 2005, this Court issued a Preliminary Order of Forfeiture against the Defendant's interest in the Currency;

AND WHEREAS, notice of the Preliminary Order of Forfeiture was published in the Boston Herald on October 4, 2005, October 11, 2005, and October 18, 2005.  In addition, notice of the Preliminary Order of Forfeiture was served on the following people:

a) Edison Jaramillo, P.O. Box 100 South Walpole, MA 02071, via certified mail;

b) Elliot M. Weinstein, Esquire, 228 Lewis Wharf, Boston, MA 02110, via certified mail;

c) Edison Jaramillo, 49 John Street, Apt. #6, Malden, MA 02148, via certified mail; and

d) Carmen Lopera 49 John Street, Apt. #6 Malden, MA 02148, via certified mail.

AND WHEREAS, no petitions or claims of interest in the Currency having been filed within the time limitations set by 21 U.S.C. § 853(n)(7);

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

The Preliminary Order of Forfeiture entered in the above-captioned action on September 8, 2005, is final, and all right, title and interest to the Currency described in the Preliminary Order of Forfeiture is hereby condemned, forfeited and vested in the United States, and shall be disposed of according to law.

_____
Douglas P. Woodlock
United States District Judge

Date: December 15, 2005